IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

SHANNON LURIE )
)
Plaintiff, )
) Case No.
v. )
)
TWINSPLACE, LLC, d/b/a BLUE JEAN BLUES )
JERRY FOGT, )
DENISE FOGT, )
DIANE FOGT, and )
DIANE BROWN )
)
Defendants. )

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, SHANNON LURIE ("Plaintiff"), by and though undersigned counsel, hereby sues Defendants, TWINSPLACE, LLC d/b/a BLUE JEAN BLUES, JERRY FOGT, DENISE FOGT, DIANE FOGT, and DIANE BROWN (collectively "Defendants"), and in support thereof alleges as follows:

**GENERAL ALLEGATIONS**

1. This is an action seeking damages exceeding Fifteen Thousand Dollars ($15,000.00) excluding attorneys' fees or costs, for unpaid overtime wages and retaliation under the Fair Labor Standards Act, 29 U.S.C. §201-219 ("FLSA" or "the Act").

2. Venue is appropriate in Broward County because Plaintiff's cause of action arose there, and payment was due in Broward County.

3. Plaintiff is a resident of Broward Country.

EXHIBIT "A"

4.  Defendants employed Plaintiff as a Server from January 2014 to August 1, 2016, and as a and Public Relations Manager from December 2014 to August 1, 2016.

5.  Plaintiff performed the Server work for Defendants as a non-exempt, tipped employee.

6.  Defendants wrongfully misclassified Plaintiff's "Public Relations Manager" work for Defendants as the work of an independent contractor.

7.  At all material times, Plaintiff was an "employee" of Defendants as defined by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201.

8.  Plaintiff's work for Defendants affected interstate commerce because the materials and goods that Plaintiff handled moved through interstate commerce.

9.  At all material times, Defendants were an "employer" of Plaintiff as defined by the FLSA, 29 U.S.C. §203.

10. Plaintiff did not receive payment for all hours worked.

11. During Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per week.

12. Plaintiff was not paid the proper overtime rate during such work weeks for hours worked in excess of forty (40) per week.

13. Plaintiff was not compensated at all for services performed as a Public Relations Manager for a two week period.

14. Defendants unlawfully discharged Plaintiff in violation of 29 U.S.C. §206(a)(3) after Plaintiff complained that she did not receive payment for all hours worked.

15. All conditions precedent for the filing of this action before this Court have been

EXHIBIT "A"

previously met, including the exhausting of all pertinent administrative procedures and remedies.

16.     Plaintiff has retained the law offices of the undersigned attorney to represent her in this action.

### COUNT I –VIOLATION OF THE FLSA'S OVERTIME REQUIREMENT AS TO DEFENDANT TWINSPLACE LLC D/B/A BLUE JEAN BLUES

17.     Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 to 16 above as if set forth herein in full.

18.     This action is brought by Plaintiff to recover from Defendant, TWINSPLACE LLC d/b/a BLUE JEAN BLUES, unpaid wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. §201 *et seq.*

19.     At all material times, Defendant, TWINSPLACE LLC d/b/a BLUE JEAN BLUES, was a Florida corporation, registered to do business in the State of Florida, and has an annual gross sales and/or business volume of $500,000 or more.

20.     TWINSPLACE LLC d/b/a BLUE JEAN BLUES is a restaurant, bar and music venue.

21.     At all material times, Defendant, TWINSPLACE LLC d/b/a BLUE JEAN BLUES, operated an organization which sells and/or markets its services and/or goods to customers from throughout the United States, and also provides its services for goods sold and transported across state lines.

22.     At all material times, Defendant, TWINSPLACE LLC d/b/a BLUE JEAN BLUES, provides services for goods sold and transported across state lines.

23.     At all material times, Defendant, TWINSPLACE LLC d/b/a BLUE JEAN BLUES, obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses

EXHIBIT "A"

telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

24. By reason of the foregoing, Defendant, TWINSPLACE LLC d/b/a BLUE JEAN BLUES, is and was, during all material times, an enterprise engaged in commerce as defined by the Act.

25. While employed by Defendant, TWINSPLACE LLC d/b/a BLUE JEAN BLUES, Plaintiff worked between 41 and 60 hours without being compensated for overtime hours worked.

26. Plaintiff was not compensated at all for services performed as a Public Relations Manager for a two week period.

27. Plaintiff seeks to recover unpaid wages accumulated from three years preceding the date of the filing of this Complaint.

28. Defendant, TWINSPLACE LLC d/b/a BLUE JEAN BLUES, knew and/or showed reckless disregard for the provisions of the FLSA concerning payment of wages as required by the Act, and remains owing Plaintiff the unpaid wages set forth above. As such, Plaintiff is entitled to recover double damages.

29. To the extent that Defendant, TWINSPLACE LLC d/b/a BLUE JEAN BLUES, never posted any notice, as required by the FLSA, to inform employees of their federal rights to overtime and minimum wage payments, the statute of limitations for Plaintiff's FLSA claims is equitably tolled.

**WHEREFORE,** Plaintiff demands judgment in its favor and against Defendant, TWINSPLACE LLC d/b/a BLUE JEAN BLUES, and prays for the following relief:

EXHIBIT "A"

A. Adjudge and decree that Defendant violated the FLSA, and has done so willfully, intentionally, and with reckless disregard to Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff reasonable attorneys' fees and costs; and

E. Grant Plaintiff such additional relief that this Court deems just and proper.

## COUNT II – VIOLATION OF THE FLSA'S OVERTIME REQUIREMENT AS TO DEFENDANT JERRY FOGT

30. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 to 16 above as if set forth herein in full.

31. This action is brought by Plaintiff to recover from Defendant, JERRY FOGT, unpaid wages due, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. §201 *et seq.*

32. At all material times, Defendant, JERRY FOGT, a resident of South Florida was a manager and corporate officer of TWINSPLACE LLC d/b/a BLUE JEAN BLUES.

33. At all material times, Defendant JERRY FOGT acted directly or indirectly in the interests of the corporate Defendant in relation to the employees of the Corporate Defendant, including Plaintiff.

34. At all material times, Defendant JERRY FOGT had operational control as to the Corporate Defendant, and was involved in the day-to-day functions of the Corporate Defendant.

EXHIBIT "A"

35. At all material times, Defendant JERRY FOGT is and was in control of the Corporate Defendant's financial affairs and can cause the Corporate Defendant to compensate (or not to compensate) its employees in accordance with the FLSA.

36. At all material times, Defendant JERRY FOGT, was an employer of Plaintiff within the meaning of 29 U.S.C.§203(d), and is jointly liable for Plaintiff's damages for unpaid wages.

37. While employed by Defendant, JERRY FOGT, Plaintiff worked between 41 and 60 hours without being compensated for overtime hours worked.

38. Plaintiff was not compensated at all for services performed as a Public Relations Manager for a two week period.

39. Plaintiff seeks to recover unpaid wages accumulated from three years preceding the date of the filing of this Complaint.

40. Defendant, JERRY FOGT, willfully and intentionally refused to properly pay Plaintiff's wages as required by the FLSA, and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE,** Plaintiff demands judgment in its favor and against Defendant, JERRY FOGT, and prays for the following relief:

A. Adjudge and decree that Defendant violated the FLSA, and has done so willfully, intentionally, and with reckless disregard to Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff reasonable attorneys' fees and costs; and

E. Grant Plaintiff such additional relief that this Court deems just and proper.

EXHIBIT "A"

### COUNT III – VIOLATION OF THE FLSA'S OVERTIME REQUIREMENT AS TO DEFENDANT DENISE FOGT

41. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 to 16 above as if set forth herein in full.

42. This action is brought by Plaintiff to recover from Defendant, DENISE FOGT, unpaid wages due, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. §201 *et seq.*

43. At all material times, Defendant, DENISE FOGT, a resident of South Florida was the owner of TWINSPLACE LLC d/b/a BLUE JEAN BLUES.

44. At all material times, Defendant DENISE FOGT acted directly or indirectly in the interests of the corporate Defendant in relation to the employees of the Corporate Defendant, including Plaintiff.

45. At all material times, Defendant DENISE FOGT had operational control as to the Corporate Defendant, and was involved in the day-to-day functions of the Corporate Defendant.

46. At all material times, Defendant DENISE FOGT is and was in control of the Corporate Defendant's financial affairs and can cause the Corporate Defendant to compensate (or not to compensate) its employees in accordance with the FLSA.

47. At all material times, Defendant DENISE FOGT, was an employer of Plaintiff within the meaning of 29 U.S.C.§203(d), and is jointly liable for Plaintiff's damages for unpaid wages.

48. While employed by Defendant, DENISE FOGT, Plaintiff worked between 41 and 60 hours without being compensated for overtime hours worked.

49. Plaintiff was not compensated at all for services performed as a Public Relations

EXHIBIT "A"

Manager for a two week period.

50. Plaintiff seeks to recover unpaid wages accumulated from three years preceding the date of the filing of this Complaint.

51. Defendant, DENISE FOGT, willfully and intentionally refused to properly pay Plaintiff's wages as required by the FLSA, and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE,** Plaintiff demands judgment in its favor and against Defendant, DENISE FOGT, and prays for the following relief:

F. Adjudge and decree that Defendant violated the FLSA, and has done so willfully, intentionally, and with reckless disregard to Plaintiff's rights;

G. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest;

H. Award Plaintiff an equal amount in double damages/liquidated damages;

I. Award Plaintiff reasonable attorneys' fees and costs; and

J. Grant Plaintiff such additional relief that this Court deems just and proper.

## COUNT IV – VIOLATION OF THE FLSA'S OVERTIME REQUIREMENT AS TO DEFENDANT DIANE FOGT

52. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 to 16 above as if set forth herein in full.

53. This action is brought by Plaintiff to recover from Defendant, DIANE FOGT, unpaid wages due, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. §201 *et seq.*

EXHIBIT "A"

54. At all material times, Defendant, DIANE FOGT, a resident of South Florida was the owner of TWINSPLACE LLC d/b/a BLUE JEAN BLUES.

55. At all material times, Defendant DIANE FOGT acted directly or indirectly in the interests of the corporate Defendant in relation to the employees of the Corporate Defendant, including Plaintiff.

56. At all material times, Defendant DIANE FOGT had operational control as to the Corporate Defendant, and was involved in the day-to-day functions of the Corporate Defendant.

57. At all material times, Defendant DIANE FOGT is and was in control of the Corporate Defendant's financial affairs and can cause the Corporate Defendant to compensate (or not to compensate) its employees in accordance with the FLSA.

58. At all material times, Defendant DIANE FOGT, was an employer of Plaintiff within the meaning of 29 U.S.C.§203(d), and is jointly liable for Plaintiff's damages for unpaid wages.

59. While employed by Defendant, DIANE FOGT, Plaintiff worked between 41 and 60 hours without being compensated for overtime hours worked.

60. Plaintiff was not compensated at all for services performed as a Public Relations Manager for a two week period.

61. Plaintiff seeks to recover unpaid wages accumulated from three years preceding the date of the filing of this Complaint.

62. Defendant, DIANE FOGT, willfully and intentionally refused to properly pay Plaintiff's wages as required by the FLSA, and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

EXHIBIT "A"

**WHEREFORE,** Plaintiff demands judgment in its favor and against Defendant, DIANE FOGT, and prays for the following relief:

A. Adjudge and decree that Defendant violated the FLSA, and has done so willfully, intentionally, and with reckless disregard to Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff reasonable attorneys' fees and costs; and

E. Grant Plaintiff such additional relief that this Court deems just and proper.

## COUNT V – VIOLATION OF THE FLSA'S OVERTIME REQUIREMENT AS TO DEFENDANT DIANE BROWN

63. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 to 16 above as if set forth herein in full.

64. This action is brought by Plaintiff to recover from Defendant, DIANE BROWN, unpaid wages due, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. §201 *et seq.*

65. At all material times, Defendant, DIANE BROWN, a resident of South Florida was the Operations Manager of TWINSPLACE LLC d/b/a BLUE JEAN BLUES.

66. At all material times, Defendant DIANE BROWN acted directly or indirectly in the interests of the corporate Defendant in relation to the employees of the Corporate Defendant, including Plaintiff.

67. At all material times, Defendant DIANE BROWN had operational control as to the Corporate Defendant, and was involved in the day-to-day functions of the Corporate Defendant.

EXHIBIT "A"

68. At all material times, Defendant DIANE BROWN is and was in control of the Corporate Defendant's financial affairs and can cause the Corporate Defendant to compensate (or not to compensate) its employees in accordance with the FLSA.

69. At all material times, Defendant DIANE BROWN, was an employer of Plaintiff within the meaning of 29 U.S.C.§203(d), and is jointly liable for Plaintiff's damages for unpaid wages.

70. While employed by Defendant, DIANE BROWN, Plaintiff worked between 41 and 60 hours without being compensated for overtime hours worked.

71. Plaintiff was not compensated at all for services performed as a Public Relations Manager for a two week period.

72. Plaintiff seeks to recover unpaid wages accumulated from three years preceding the date of the filing of this Complaint.

73. Defendant, DIANE BROWN, willfully and intentionally refused to properly pay Plaintiff's wages as required by the FLSA, and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE,** Plaintiff demands judgment in its favor and against Defendant, BROWN, and prays for the following relief:

A. Adjudge and decree that Defendant violated the FLSA, and has done so willfully, intentionally, and with reckless disregard to Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff reasonable attorneys' fees and costs; and

EXHIBIT "A"

E. Grant Plaintiff such additional relief that this Court deems just and proper.

## COUNT VI –VIOLATION OF 29 U.S.C. §215(a)(3) AS TO DEFENDANT TWINS PLACE LLC D/B/A BLUE JEAN BLUES

74. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 to 62 above as if set forth herein in full.

75. In July and again in August 2016, Plaintiff complained that the Defendants failed to pay her wages owed. As a result of having complained, Plaintiff was subjected to disparate treatment and was ultimately constructively discharged.

76. After Plaintiff complained, Plaintiff's shifts were reduced to one per week.

77. After Plaintiff complained, Plaintiff's Public Relations duties were taken away.

78. After Plaintiff complained, Plaintiff was written up for pretextual reasons.

79. After Plaintiff complained, Defendants re-hired Plaintiff's ex-fiancé and scheduled him to work the same day as Plaintiff even though Defendants knew that he had previously threatened Plaintiff in the workplace, and even though Plaintiff was told he would not be placed in a same shift on the same day as her.

80. After Plaintiff complained, Plaintiff told Defendants that she felt like she was being mocked and demeaned in the workplace by management, and Defendants took no action.

81. Ultimately, Defendants made Plaintiff's working conditions so intolerable, that Plaintiff resigned on or about August 1, 2016, as any reasonable person would be compelled to do in her position.

82. The motivating factor which caused Plaintiff's discharge as described above, was the complaint asking for payment of wages owed from the Defendants. Plaintiff would not have been constructively discharged, but for her complaint about unpaid wages.

EXHIBIT "A"

83. The Defendants' discharge of Plaintiff was in direct violation of 29 U.S.C. § 215(a)(3), and, as a direct result, Plaintiff has been damaged.

**WHEREFORE,** Plaintiff demands judgment in its favor and against Defendants, and requests that this Court enter a judgment against the Defendants for all back wages from the date of discharge to the present date, an equal amount of back wages representing liquidated damages, compensatory damages for emotional distress, and attorneys' fees and costs.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated: September 19, 2016.

Respectfully submitted,

/s Angelo Filippi, Esq.
Angelo Filippi, Esq.
Florida Bar No: 880851
Ilanit Fischler, Esq.
Florida Bar No: 106691
KELLY KRONENBERG
Counsel for Plaintiff
8201 Peters Road, Suite 400
Fort Lauderdale, Florida 33324
Tel: 954.370.9970
Fax: 954.370.9191
afilippi@kelleykronenberg.com
ifischler@kelleykronenberg.com
bbishop@kelleykronenberg.com

EXHIBIT "A"